IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LOUIS OLANIPEKUN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JPMORGAN CHASE BANK, N.A., § <br> § <br> Defendant. § | Civil Action No. 4:18-cv-00978-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 7), Brief in Support (ECF No. 8), and Appendix in Support (ECF No. 9), filed January 24, 2019; Plaintiff's Response (ECF No. 13) filed February 25, 2019; and Chase's Reply (ECF No. 14) filed March 11, 2019. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management on December 18, 2018. (ECF No. 4). After considering the pleadings and applicable legal authorites, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss and **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**, and allow Plaintiff an opportunity to file a second amended complaint within the fourteen days allotted for objections to this recommendation. If, however, Plaintiff files a second amended complaint within the prescribed time period, the Motion should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint.

**BACKGROUND**

Plaintiff Louis Olanipekun ("Plaintiff") sued Defendant Chase in his original state court petition for damages allegedly resulting from violations of the Texas Debt Collection Act

("TDCA"), violations of the Texas Property Code, and in the alternative, breach of contract. (ECF No. 1-1). He also requested damages, a declaratory judgment to void the Deed of Trust, injunctive relief, and a Temporary Restraining Order ("TRO") to restrain Chase's foreclosure concerning the property located at 2932 Barberini Drive, Grand Prairie, Texas 75052 (the "Property"). (*Id.*). The TRO was granted on December 3, 2018. (*Id.* at 28). On December 11, 2018, Chase timely removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1).

After the Court ordered Plaintiff to replead, he filed a First Amended Complaint ("FAC") on January 10, 2019. (ECF No. 6). Plaintiff's FAC contains similar causes of action and requested exemplary damages. (*Id.*).

Plaintiff initially purchased the Property on or about July 28, 2000. (*Id.* at 3). In connection with the purchase, he executed a note and a Deed of Trust that granted a security interest in the Property to secure repayment of the note in favor of GN Mortgage Corporation ("GN"). (*Id.*). The Deed of Trust was recorded in the Real Property Record of Tarrant County, Texas under instrument number D200174024 on August 7, 2000. (*Id.* at 4). The Deed of Trust was assigned from GN to Chase Manhattan Mortgage Corporation on September 5, 2000, but the assignment referred to a different instrument number D2000317844. (*Id.*). A records search using this instrument number yielded no results. (*Id.*). Chase appointed a substitute trustee on September 21, 2018, who filed a Notice of Substitute Trustee Sale on September 20, 2018, scheduling the Property for sale on December 4, 2018. (*Id.*).

Chase filed the instant Motion to Dismiss Plaintiff's FAC on January 24, 2019. (ECF No. 7). Plaintiff timely filed his response, and Chase timely replied. The motion is now ripe for decision.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

## ANALYSIS

Plaintiff's premise for asserting this lawsuit is the allegedly defective assignment from GN to Chase and Chase's subsequent failure to abide by the notice requirements under Chapter 51 of the Texas Property Code and the Deed of Trust. (ECF No. 6). As explained more fully below, Plaintiff's contentions are without legal support. Accordingly, the case should be dismissed for failure to state a claim.

**I.      Plaintiff's challenge of the Assignment from GN to Chase is without merit.**

   **A.      Plaintiff lacks standing to assert that the Assignment is voidable.**

The Fifth Circuit has made clear that an "obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable," but "*may* defend on any ground which renders the assignment void." *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (internal quotation marks omitted) (emphasis original). Plaintiff alleges that because the assignment of the Deed of Trust from GN to Chase (the "Assignment") refers to an incorrect instrument number, it is void. Therefore, Chase lacked authority to foreclose on the Deed of Trust. (ECF No. 6 at 4). Chase does not contest that the Assignment referred to an erroneous instrument number. Instead, Chase argues that the Assignment includes sufficient information to identify with reasonable certainty the interest conveyed. (ECF No. 8 at 10–12). The undersigned construes Plaintiff's attack on the Assignment under the statute of frauds, Tex. Bus. & Com. Code Ann. § 26.01(b)(4) (West 2015), which, if true, would make the assignment voidable and not void. *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012) ("Examples of 'voidable' defenses include the statute of frauds; fraud in the inducement; lack of capacity as a minor; and mutual mistake." (citations omitted)). Therefore, because Plaintiff is not a party to the Assignment, he lacks standing to challenge it.

Even if Plaintiff had standing, the property description contained in the Assignment is legally sufficient to identify the Property conveyed. Under Texas law, a property description in a deed of trust is legally sufficient "if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). A

street address may be legally sufficient. *Patterson v. F.D.I.C.*, 918 F.2d 540, 546 (5th Cir. 1990); *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 237 (Tex. App.—Dallas 2004, pet. denied) ("We have held that a street address or a commonly-known name for property may be a sufficient property description if there is no confusion.").

Here, Plaintiff refers to the Assignment and Deed of Trust in the FAC, which Chase attached to its Motion. Because the documents in question are central to the case, the undersigned may consider them. *In re Katrina Canal*, 495 F.3d at 205. The Deed of Trust states that it was signed on July 28, 2008 by Louis Olanipekun and Monitha Olanipekun, as security for the note in the amount of $121,830. (ECF No. 9-1 at 2). Further, the Deed of Trust grants to the Trustee, with GN as beneficiary and Lender, the power of sale over the property, described as "Lot 6, Block B, of Mirabella Village Phase 1, an addition to the City of Grand Prairie, Tarrant County, Texas, according to the map or plat thereof recorded in cabinet A, slide 5197 of the plat records of Tarrant County, Texas," (*Id.* at 9), with an address of 2932 Barberini Drive, Grand Prairie, Texas 75052 (*Id.* at 3). The Deed of Trust was recorded in the Real Property Records of Tarrant County, Texas on August 7, 2000. (*Id.* at 10). The Assignment refers to the Deed of Trust as executed on July 28, 2000 by Louis Olanipekn to secure repayment of the note in the amount of $128,830.00 and recorded on August 7, 2000 in the Real Property Records of Tarrant County, Texas. (*Id.* at 12). Although the Assignment misidentifies the Deed of Trust's instrument number, attached to the Assignment is Exhibit A that states the borrower's name as Louis Olanipekun, the property address as 2932 Barberini Drive, Grand Prairie, Texas 75052, and the legal description as "Lot 6, Block B, of Mirabella Village Phase 1, an addition to the City of Grand Prairie, Tarrant County, Texas, according to the map or plat thereof." (*Id.* at 14). The Assignment sufficiently describes within itself the property address and legal description such that the Property may be identified with

reasonable certainty. Combined with references to the Deed of Trust, the Assignment is legally sufficient to identify the Property conveyed. Accordingly, the Assignment is valid.

Further, Plaintiff's assertion that GN's Vice President had no independent authority to execute the Assignment from GN to Chase is without legal basis as it is not supported by any factual allegations. Moreover, to the extent Plaintiff claims the Assignment was fraudulently executed, Plaintiff lacks standing to make such a claim. *Reinagel*, 735 F.3d at 226. ("[A] contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal . . . .").

### B. Chase had authority to foreclose on the Deed of Trust.

To the extent Plaintiff challenges Chase's authority to foreclose on the Deed of Trust, the argument is without merit because Plaintiff has failed to state any facts, other than the purportedly void assignment, why Chase does not have authority to foreclose on the Deed of Trust. Thus, Plaintiff's allegations are legal conclusions masquerading as facts, which are insufficient to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Further, the Deed of Trust makes clear that GN is the Lender and beneficiary. (ECF No. 9-1 at 2). The Deed of Trust provides that the "covenants and agreements of this [Deed of Trust] shall bind and benefit the successors and assigns of the Lender and Borrower . . . ." (*Id.* at 5). Because the Assignment was valid, Chase became the holder of the Deed of Trust on September 5, 2000, assigning "all rights accrued or to accrue under the Deed of Trust . . . subject to the terms and conditions of the . . . Deed of Trust." (*Id.* at 12). As a matter of public record, the undersigned takes judicial notice of Chase's Certificates of Merger showing Defendant Chase was the proper

entity to appoint the substitute trustee who initiated foreclosure proceedings. (*Id.* 19–26); *Reece v. U.S. Bank Nat. Ass'n*, No. 4:13-CV-982-O, 2014 WL 301022, at *3 (N.D. Tex. Jan. 28, 2014) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)). As mortgagee and mortgage servicer under the Texas Property Code, *see* Tex. Prop. Code Ann. § 51.001(3) & (4) (West 2015), Chase was authorized to institute foreclosure proceedings. Tex. Prop. Code Ann. § 51.0025. Accordingly, Plaintiff's contention that Chase was not authorized to foreclose on the Property is without legal basis.

Because the Assignment is valid and Chase was authorized to foreclose on the Property, any claim premised on a contrary conclusion should be dismissed.

## II. Plaintiff has abandoned its claim for violation of the Texas Property Code.

Plaintiff alleges that Chase failed to give proper notice of acceleration and substitute trustee's sale in the form and manner consistent with Sections 51.002(b) and (d) of the Texas Property Code and made the notices without legal capacity. (ECF No. 6 at 7). In response to Chase's Motion, Plaintiff clarified these claims by stating that he "did not assert a private right of action under the Texas Property Code," but notes that violations of Sections 51.002 and 51.0025 are actionable under the TDCA and provide a basis for his breach of contract claim. (ECF No. 13 at 4–5). Thus, Plaintiff has abandoned his Sections 51.002(b) and (d) claims.

Even if Plaintiff continued to assert a claim under the Texas Property Code, he has provided no factual support for how Chase's notices were deficient under Section 51.002. And, as stated above, Chase had authority to institute foreclosure proceedings. Thus, the claims asserted under Sections 51.002 and 51.0025 of the Texas Property Code should be dismissed.

Further, Chase contends that because no foreclosure sale has occurred, Plaintiff's claim under the Texas Property Code is fatally flawed. (ECF No. 8 at 13). Chase's contention is well-founded. *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 407 (5th Cir. 2017) ("[B]ecause

8

foreclosure of the property did not occur, we need not revisit the district court's conclusions as to whether [the borrower] has a viable notice-of-foreclosure cause of action under Section 51.002 of the Texas Property Code."). Here, it is undisputed that no foreclosure sale has occurred because the foreclosure sale was enjoined by the state court, and in his FAC, Plaintiff seeks to enjoin the foreclosure sale once the TRO has lapsed. Thus, Plaintiff's claim under Section 51.002 of the Texas Property Code should be dismissed because he has not and cannot plausibly allege that a foreclosure sale has occurred. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014).

### III.    Plaintiff did not properly support his breach of contract claim.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)).

Chase contends that the FAC is devoid of facts demonstrating any plausible right to relief for breach of contract. (ECF No. 8 at 14). The FAC alleges that the substitute trustee had no authority to conduct the foreclosure sale, and Chase knew or should have known the notices were not properly given in under Sections 51.002(b) and (d) of the Texas Property Code and the Deed of Trust, citing to paragraphs 13, 14, 18, and 20. (ECF No. 6 at 7–8).

Contrary to Plaintiff's assertion, the Deed of Trust provides for Chase to appoint a substitute trustee, with all the "title, power[,] and duties conferred upon Trustee." (ECF No. 9-1 at 7). Plaintiff does not allege why under the Deed of Trust or the Texas Property Code the substitute trustee was unauthorized to conduct a foreclosure sale. Pursuant to the Deed of Trust, the Borrower

granted and conveyed to the Trustee the power of sale over the Property. (*Id.* at 2). Moreover, paragraph 18 of the Deed of Trust provides how the Lender or Trustee is to conduct the foreclosure sale. (*Id.* at 6). The undersigned takes judicial notice of the Appointment of Substitute Trustee, recorded as instrument number D218211360 on September 21, 2018 in the Real Property Records of Tarrant County, Texas. (*Id.* at 24). The Appointment refers to the Deed of Trust by the correct instrument number and date; names Chase as beneficiary and mortgagee and Plaintiff as grantor and mortgagor; and identifies the Property by address and legal description. (*Id.*). Further, the Appointment removed the original Trustee and appointed several substitute trustees by name and conferred on them "all powers and duties set aside to the said original Trustee under the said Deed of Trust." (*Id.*). The undersigned fails to see how the Appointment is defective and therefore concludes Chase validly appointed substitute trustees with the authority to conduct the foreclosure sale of the Property.

Plaintiff also alleges that Chase breached the Deed of Trust because it violated the Texas Property Code. (ECF No. 6 at 8). Plaintiff refers to Sections 51.002(b) and (d) of the Texas Property Code and the Deed of Trust's Notices (13), Governing Law (14), Foreclosure Procedure (18), or Substitute Trustee (20) provisions. (*Id.*). Plaintiff alleges that Chase's effort to enforce the Deed of Trust were "not properly noticed to Plaintiff in a form and manner compliant with Chapter 51" of the Texas Property Code. (*Id.*). In response, Plaintiff argues that Chase's alleged noncompliance with the Texas Property Code are violations of applicable law, providing a basis for the breach of contract claim. (ECF No. 13 at 4–5).

Sections 51.002(b) and (d) refer to how a nonjudicial foreclosure sale is properly noticed and how far in advance of the foreclosure sale a notice of default should be served. However, Plaintiff has failed to allege any facts showing how Chase violated either the Texas Property Code

or the provisions of the Deed of Trust to which he refers. His bald assertions that Chase did not notice the foreclosure sale in a form and manner complaint with Chapter 51 of the Texas Property Code is insufficient to state a breach of contract claim.

Plaintiff has not properly pleaded damages as a result of Chase's alleged breach of the Deed of Trust. Plaintiff claims he has "incurred actual damages by having title to, and possession, use and enjoyment of the Property jeopardized and conveyed to a third party, and also his filing fees and reasonable and necessary attorney fees . . . ." (ECF No. 6 at 8–9). Because the state court enjoined Chase's foreclosure of the Property, the foreclosure sale never occurred. Further, Plaintiff has not alleged or argued that he no longer possesses the Property. *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *6 (N.D. Tex. Apr. 18, 2018) (concluding plaintiff sustained no damages when no foreclosure sale had occurred), *adopted by*, No. 3:17-CV-723-B-BN, 2018 WL 2150960 (N.D. Tex. May 10, 2018). Further, attorney's fees and costs are not actual damages "if they were subsequently incurred prosecuting a breach of contract claim . . . ." *See Vianet Group PLC v. Tap Acquisition, Inc.*, 3:14-CV-3601-B, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 16, 2016). Indeed, a plaintiff may recover attorney's fees as a prevailing party on a breach of contract claim. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2015). Thus, Plaintiff has failed to allege the damages element of his breach of contract claim.

Moreover, Plaintiff has not alleged he performed under the Deed of Trust. "A plaintiff must allege [his] own performance, because 'a party to a contract who is [himself] in default cannot maintain a suit for its breach.'" *Villarreal*, 814 F.3d at 767 (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). In *Villareal*, the Fifth Circuit upheld the district court's dismissal under Rule 12(b)(6) of a breach of contract claim in which the plaintiff had not pleaded facts supporting his own performance of the contract. *Id.* Here, Plaintiff has not alleged he performed

11

under the Deed of Trust. The FAC is devoid of any allegations that Plaintiff performed under the Deed of Trust. Accordingly, Plaintiff's breach of contract claim also should be dismissed on this basis.

Because Plaintiff has failed to allege how Chase breached the Deed of Trust, what damages he incurred as a result of the alleged breach, and that he performed under the Deed of Trust, his breach of contract claim should be dismissed.

**IV.    Plaintiff's claims for violation of the TDCA should be dismissed because he has pleaded insufficient facts to show that a violation occurred or that he has sustained actual damages as a result.**

To state a claim under the TDCA, Plaintiff must allege facts showing: (1) the debt is a consumer debt; (2) Chase is a debt collector within the meaning of the TDCA; (3) Chase committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of Chase's wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). Plaintiff alleges Chade violated TDCA §§ 392.301(a)(8), 392.303(a)(2), and 392.304(a)(8) & (19). (ECF No. 6 at 4–6). He further alleges that Chase's acts were debt collection activities and are actionable under the TDCA because the actions were prohibited by law. (*Id.* at 6). Plaintiff requests statutory and actual damages as a result. (*Id.*).

    **A.    Section 392.301(a)(8) claim**

Plaintiff fails to state a claim under Section 392.301(a)(8), which prohibits a debt collector from threatening to take an action prohibited by law. Tex. Fin. Code Ann. § 392.301(a)(8) (West 2016). He claims Chase failed to give proper notice of acceleration or of the foreclosure sale in "the form and manner, and with the legal capacity . . . to comply with" Sections 51.002(b) and (d) of the Texas Property Code. (ECF No. 6 at 5). He has not alleged any facts to show how Chase's

notice of acceleration or foreclosure sale were improper. Without such allegations, Plaintiff has failed to state a claim on this basis.

"The TDCA does not prevent a debt collector from 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings[.]'" *Johnson*, 999 F. Supp. at 933 (quoting Tex. Fin. Code Ann. § 392.301(b)(3)). As discussed above, the Assignment was proper, and Plaintiff has not stated a violation under the Texas Property Code. Thus, he has failed to allege facts showing that Chase had no right to institute the foreclosure sale of the Property. Absent plausible allegations of wrongful conduct, he has failed to state a claim upon which relief may be granted. Accordingly, Plaintiff has failed to state a claim under § 392.301(a)(8).

**B.     Plaintiff's Section 392.303(a)(2) claim.**

Section 392.303(a)(2) prohibits a debt collector from the use of "unfair or unconscionable means," including "(2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code Ann. § 392.303(a)(2) (West 2016). Plaintiff's allegation largely tracks the statutory language. He does allege, however, that Chase "failed to properly account for and acknowledge payments made since December, 2017[,] and . . . demanded payment . . . in excess of those permitted under the Note and Deed of Trust." (ECF No. 6 at 5). But he does not specify what amounts Chase received, but improperly accounted for; when the payments were tendered; or whether he made all the payments due under the note. Further, he does not identify when or what amounts were demanded, but were not owed under the note and Deed of Trust. Moreover, he does not allege whether Chase was not authorized under the note or Deed of Trust to collect such

13

payments. Accordingly, Plaintiff has failed to state a claim under Section 392.303(a)(2). *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding that a "claim general assertion of 'wrongful charges' is insufficient to state a claim under Section 392.303(a)(2)"); *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a)(2) is subject to dismissal for failure to state a claim.").

### C.     Plaintiff's Section 392.304 claims.

Plaintiff fails to state a claim under Section 392.304 for similar reasons to why his section 392.303(a)(2) claim failed. Section 392.304(a) prohibits a debt collector from the using a "fraudulent, deceptive, or misleading representation," including "(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" and "(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. § 392.304(a)(8) & (19) (West 2016). Plaintiff's allegations under these sections refer to Chase's alleged failure to "properly account for and acknowledge payments made," and "as a result of wrongful acceleration . . . has refused to recognize and abide by the terms of the Note and Deed of Trust and refused payment from Plaintiff." (ECF No. 6 at 5–6). Further, as a result, Chase demanded amounts that were not owed to it. (*Id.* at 6).

"To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). To state a claim under Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker v. Bank of Am.,*

14

*N.A.*, 806 F.3d 828, 832 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)). Here, Plaintiff has not alleged any affirmative statement made by Chase that was false or misleading. Without any specific facts explaining who told him what and when, and why the statement was false or misleading, Plaintiff has failed to allege facts sufficient to withstand a motion to dismiss on this claim. Moreover, he has not alleged facts to support he was unaware of the note, the specific amount he owed, or that he had defaulted. Accordingly, Plaintiff's Section 392.304(a)(8) claim should be dismissed.

Plaintiff's Section 392.304(a)(19) fails for similar reasons as his 392.304(a)(8) claim, as Plaintiff makes the same allegations. Even though Section 392.304(a)(19) operates as a "catchall" provision, a plaintiff still is required to plead facts to establish an "affirmative statement" that was either false or misleading. *Chavez v. Wells Fargo Bank, N.A.*, 578 F App'x 345, 348 (5th Cir. 2014) (per curiam). Because he has not alleged any specifics facts to show that Chase made an affirmative statement that was false or misleading, Plaintiff's Section 392.304(a)(19) claim should be dismissed.

### D.     Plaintiff has failed to allege he suffered damages.

Lastly, Plaintiff had not pleaded facts to support that he suffered actual damages resulting from Chase's alleged TDCA violations. A person may sue under Chapter 392 for "(1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Tex. Fin. Code Ann. § 392.403 (West 2016). Here, Plaintiff alleges he suffered actual damages under the TDCA and for "reasonable and necessary attorney's fees and costs . . . ." (ECF No. 6 at 6). As discussed above, because the foreclosure sale never occurred, his allegations that he suffered actual damages as a result of a violation of the TDCA and the Texas Property Code are not supportable. *Adams*, 2018 WL 2164520, at *8. Consequently, Plaintiff has

15

not alleged actual damages and dismissal is appropriate. *See, e.g., Smith v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 3:15-CV-3582-L, 2017 WL 4698471, at *6 (N.D. Tex. Oct. 19, 2017) (dismissing a claim brought under TDCA § 392.308(a) because the plaintiffs did not plead actual damages); *Whatley v. AHF Fin. Services, LLC*, Civ. A. No. 4:11-CV-488, 2012 WL 7159707, at *4–5 (E.D. Tex. Dec. 17, 2012), *adopted by*, Civ. A. No. 4:11-CV-488, 2013 WL 617050 (E.D. Tex. Feb. 19, 2013) (recommending summary judgment be granted for the defendants when plaintiff pleaded no actual damages for violations of TDCA § 392.304(a)).

Because Plaintiff has pleaded no facts that state a violation of the TDCA and has not pleaded actual damages, his TDCA claims should be dismissed.

**V.     Plaintiff's request for declaratory and injunctive relief should be dismissed with the underlying cause of action.**

The federal Declaratory Judgment Act ("FDJA") applies to cases removed from state court. *See Thompson v. Bank of America*, N.A., 13 F. Supp.3d 636, 660 (N.D. Tex. 2014) (citing *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013)). The "FDJA is a procedural device that creates no substantive rights . . . a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Id.*. Further, "an injunction is a remedy that must be supported by an underlying cause of action . . . ." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam). The undersigned's recommendation that the Plaintiff's claims be dismissed also should result in dismissal of his claim for declaratory and injunctive relief. Accordingly, Plaintiff's claims for declaratory and injunctive relief should be denied.

**VI.    Plaintiff's FAC should be dismissed without prejudice.**

As mentioned above, Plaintiff's state court petition alleged a claim for breach of contract and violations of the TDCA and Texas Property Code. In response to Court's Order to Replead,

16

Plaintiff filed his FAC asserting similar claims. Although Plaintiff already had had an opportunity to amend his claims, he has not done so in response to a motion to dismiss or the undersigned's recommendation on a motion to dismiss. Thus, the undersigned cannot say whether Plaintiff has stated his best case. To the extent he files a second amended complaint, any claim premised on an invalid assignment, Chase's lack of authority, or the substitute trustee's lack of authority are foreclosed by the documents judicially noticed. Because the undersigned cannot conclude that further amendment of Plaintiff's complaint would be futile, his claims should be dismissed without prejudice.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 22) and **DISMISS WITHOUT PREJUDICE** Plaintiff's claims and allow Plaintiff an opportunity to file a second amended complaint within the fourteen days allotted for objections to this recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 10, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE